IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT STARGEL,

    Plaintiffs,

v.

LEWARO CONSTR., INC., *et al.*,

    Defendants.

:
:
:
:
:
:

Case No. 3:16-cv-47

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFF SCOTT STARGEL'S MOTION FOR SUMMARY JUDGMENT (DOC. #21); JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS LEWARO CONSTRUCTION, INC., PHILIP MOORE AND MARK PARKS, JOINTLY AND SEVERALLY, IN AN AMOUNT TO BE DETERMINED AT AN EVIDENTIARY HEARING

---

Plaintiff Scott Stargel ("Plaintiff") claims that, while serving as an employee of Defendants Lewaro Construction, Inc. ("Lewaro"), Philip Moore ("Moore") and Mark Parks ("Parks") (collectively "Defendants"), he was not paid overtime compensation, and that Defendants did not pay him for all the hours he had worked. Doc. #1. Plaintiff alleges that Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.01 *et seq.*, and Ohio's Prompt Pay Act. Ohio Rev. Code § 4113.15. *Id.*

Plaintiff moved for summary judgment on each of those claims. Doc. #21.[1] For the reasons set forth below, the Court SUSTAINS Plaintiff's motion.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff was a Lewaro employee from June 14, 2014, through February 24, 2015, when he was terminated due to lack of available work. Doc. #21-1, ¶¶ 2-3, PAGEID #105. He was paid bi-weekly at a rate of $35.00 per hour. *Id.*, ¶ 5. While Plaintiff was not initially working full-time for Lewaro, Parks, Lewaro's Chief Administrative Officer, and George Weber ("Weber"), Stargel's direct supervisor, later directed him to work in excess of forty hours per week. *Id.* ¶ 9, PAGEID #106. Plaintiff was informed that he would not be paid at 150% of his normal hourly rate for any time in excess of forty hours that he worked in a given week. *Id.*, ¶ 10. Rather, "these overtime hours would be 'banked' for future weeks when I would not work a full 40 hours." *Id.* Plaintiff reported his hours to Lewaro on a weekly basis. "In weeks that I reported more than [forty] hours, those hours were either applied to the other week in the pay period, or if I had worked more than [eighty] hours in the pay period, all hours in excess of [eighty] were 'banked.'" *Id.*, ¶ 11. Plaintiff subsequently compiled a summary "of what I should have been paid, what I was paid, and the difference between the two." *Id.*, ¶ 13 (citing Doc. #21-3).

Upon termination, Plaintiff was informed that he would not be paid at all for the banked overtime hours because Moore, Lewaro's Chief Executive Officer, did not personally authorize Plaintiff's overtime. Doc. #21-1, ¶ 14, PAGEID #106; Doc. #21-3.

---

[1] Plaintiff also brought a claim of unjust enrichment, Doc. #1, ¶¶ 50-54, PAGEID #7-8, which is moot as a result of the Court sustaining Plaintiff's Motion for Summary Judgment herein.

2

After he was terminated, Plaintiff completed at least eight hours of "wind-down" work at Parks's request. Despite Lewaro's human resources representative informing Parks that Plaintiff needed to be compensated for those eight hours, Defendants refused to pay Plaintiff. *Id.*, ¶ 15, PAGEID #106-07.

On December 19, 2016, Defendants moved for an extension of time to respond to Plaintiff's Motion for Summary Judgment until thirty days after the depositions of all parties could be completed. Doc. #25, PAGEID #117. On December 21, 2016, the Court, in a Notation Order, sustained Defendants' motion. On January 9, 2017, Defendants' counsel moved for leave to withdraw, stating that Defendants "have failed to communicate promptly in accordance with the terms of the fee agreement and comply with their financial obligations thereunder[.]" Doc. #27, PAGEID #123. In a telephone conference that same day, counsel for Plaintiff and for Defendants indicated to Magistrate Judge Michael J. Newman that: (1) Defendants had not responded to discovery requests propounded upon them in August 2016; and (2) it was unlikely that Defendants would appear at their depositions, which were scheduled for January 10, 2017. Doc. #28, PAGEID #125. On January 10, 2017, the Magistrate Judge sustained the motion for leave to withdraw, *id.*, and issued an Order directing the Defendants to undertake five actions within thirty days of the Order's entry, including but not limited to "[f]il[ing] a memorandum in opposition to Plaintiff's motion for summary judgment." *Id.*, PAGEID #126. Defendants did not comply with any portion of the Magistrate Judge's Order; specifically, they never filed a memorandum in opposition to Plaintiff's properly authenticated Motion for Summary Judgment.

3

II.  **LEGAL STANDARDS**

    A.  **Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rule 56 requires the nonmoving party to go beyond the pleadings and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury

could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe.  Credibility determinations must be left to the fact-finder.  10A Wright, Miller & Kane, *Federal Practice and Procedure Civil 3d*, 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties.  Fed. R. Civ. P. 56(c)(3).  "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).  If it so chooses, however, the court may consider other properly presented materials in the record.  Fed. R. Civ. P. 56(c)(3).

### B. FLSA and OMFWSA

The FLSA requires that any employer covered by the Act pay any employee covered by the Act 150% of his normal hourly wage for time worked in excess of forty

hours in a given week. 29 U.S.C. § 207(a)(1).[2] While there are classes of employees that are not entitled to overtime compensation, "[t]he employer bears the burden of establishing [that an employee is exempt] by a preponderance of the evidence, and the employer satisfies this burden only by providing 'clear and affirmative evidence that the employee meets every requirement of an exemption.'" *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 847 (6th Cir. 2012) (quoting *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007)). Moreover, each workweek stands alone, and a private employer may not "bank" overtime hours—that is, an employer may not withhold compensation for overtime hours worked in a certain week, and then assign those hours to be paid at an employee's non-overtime wage for a week or weeks in which an employee works less than forty hours. *See* 29 U.S.C. § 207(o) (stating that only public employers are allowed to provide "compensatory time" in lieu of overtime compensation).

An "employer" is defined broadly under FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "In deciding whether a party is an employer, 'economic reality' controls[,] rather than common law concepts of agency." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (citing *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28, 33, 81 S.Ct. 933, 936, 6 L.Ed.2d 100 (1961)). Thus, an individual who would not be personally liable as employer for a common law tort claim may be personally liable under the FLSA if that individual exercised "economic control" over the employment relationship. *Id.* Further, both a company and one or more of its employees may be considered

---

[2] Through their raising of certain affirmative defenses in their answer, Defendants appear to concede that Lewaro is an employer subject to the FLSA. Doc. #9, ¶¶ 19, 26-27, PAGEID #54-55.

6

"employers" under FLSA, and may be jointly and severally liable for failing to pay overtime compensation. *Id.* (citation omitted). Finally, an employer who failed to pay overtime compensation is liable for liquidated damages in the amount of 100% of unpaid compensation; *i.e.*, "double damages." 29 U.S.C. § 216(b).

The OMFWSA contains an identical requirement that an employee shall be compensated at 150% of his normal hourly wage for time worked in excess of forty hours in a given week. Ohio Rev. Code § 4111.03(A). There is no significant difference between how "employer" and "employee" are defined under the OMFWSA vis-à-vis the FLSA, *id.* § 4111.03(D)(2-3), and FLSA and OMFWSA claims are analyzed "in a unitary fashion." *Douglas v. Argo-Tech. Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997). An employer that fails to pay minimum wage under the OMFWSA is liable for liquidated damages in the amount of 200% of unpaid compensation; *i.e.*, "treble damages." Ohio Rev. Code § 4111.14(J) (citing Ohio Const. art. II § 34a).

### C. Ohio Prompt Pay Act

Ohio law requires that employees be paid at least two times per month, and that they be paid for wages earned in a particular pay period no more than fifteen days after the expiration of the pay period. Ohio Rev. Code § 4113.15(A). "Where wages remain unpaid for thirty days beyond the regularly scheduled payday[,]" an employer, in addition to the amount of unpaid wages, is liable for liquidated damages "in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater." *Id.*, § 4113.15(B).

7

III.  ANALYSIS

A.  Parks and Moore are Employers Under FLSA

To determine whether an individual is an employer, courts use an "economic realities test," considering the following, non-dispositive factors: (1) exercising operational control of a company's day-to-day functions, including employee compensation; (2) personally making decisions regarding the company's overall direction; and (3) possessing a significant ownership interest in or otherwise exercising financial control over the company. Dole, 942 F.2d at 965 (citations omitted). "Whether a party is an employer within the meaning of the FLSA is a legal determination." Id. (citing Donovan v. Brandel, 736 F.2d 1114, 1116 (6th Cir. 1984)).

In their Answer, Defendants admitted that Moore had "powers, duties and responsibilities consistent with that of a Chief Executive Officer[,]" Doc. #9, ¶ 5, PAGEID #52, and that Parks had "powers, duties and responsibilities consistent with that of a Chief Administrative Officer." Id., ¶ 6. Plaintiff has proffered uncontroverted evidence that "Moore had power over, among other things, hiring, firing, rates of pay, schedule, and payroll[,]" Doc. #21-1, ¶ 7, PAGEID #106 and that Moore made the decision not to pay Plaintiff for his "banked" overtime hours. Id., ¶ 14. Also, Plaintiff has proffered uncontroverted evidence that Parks: authorized the overtime worked by Plaintiff, id., ¶ 9; controlled Lewaro's day-to-day operations; and warned Plaintiff that if "I 'pressed' this issue [of unpaid overtime], I would never work for Lewaro Construction again." Id., ¶ 8. The evidence of record shows that Parks and Moore exercised substantial control over Lewaro's operations with respect to personnel and employee compensation. Thus, both are considered "employers" under the applicable federal and Ohio laws, and they, along

8

with Lewaro, are jointly and severally liable for any damages resulting from their violations of those laws. *Dole*, 942 F.2d at 965.

### B. Defendants Violated the FLSA, OMFWSA and Prompt Pay Act

In support of his claim that Defendants unlawfully withheld overtime compensation from him, Plaintiff attaches to his Motion a properly authenticated spreadsheet providing a week-by-week synopsis of: the number of hours that he worked; the number of hours for which he was paid; the number of overtime hours that Defendants "banked"; Plaintiff's actual pay; the amount Plaintiff contends that he should have been paid based on the hours worked; and the difference between the latter two numbers. Doc. #21-1, ¶13, PAGEID #106; Doc. #21-3. Plaintiff avers that "[a]ll the records used in preparing this summary have been disclosed in discovery" to Defendants. *Id.*. Further, he asserts under penalty of perjury that he worked eight non-overtime hours for which he was not compensated. *Id.*, ¶15 PAGEID #106-07.

In submitting the supporting documentation, Plaintiff has met his burden to show "that he has in fact performed work for which he was improperly compensated and . . . sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 779 (6th Cir. 1995) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)). Thus, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [*sic*] the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (quoting *Anderson*, 328 U.S. at 687-88). Defendants have proffered no evidence detailing the hours they contend that Plaintiff actually worked; nor have they

9

put forth evidence that they ever paid Plaintiff, in whole or in part, for the hours worked. Thus, the Court concludes that Defendants unlawfully withheld both regular compensation, and overtime compensation from Plaintiff in violation of the FLSA, OMFWSA, and Prompt Pay Act.

### C. Evidentiary Hearing is Necessary to Determine Damages

In his Motion, Plaintiff asserts that "there is no material dispute about the number of hours Stargel worked for Lewaro and the wages he was paid or not paid[,]" rendering an evidentiary hearing on damages unnecessary. Doc. #21, PAGEID #102 (citing Fed. R. Civ. P. 55(a)(2); *Vesligaj v. Peterson*, No. 08-5942, 331 F. App'x 351, 354-55 (6th Cir. 2009); *Casey v. Qik Pik, Inc.*, No. 3:13-cv-3, 2013 WL 6001870 (S.D. Ohio Nov. 12, 2013) (Black, J.)). Plaintiff has demonstrated that his wage was $35.00 per hour, and that Defendants failed to compensate him for 289 hours of overtime and eight hours of regular work. Doc. #21-1, ¶¶ 5, 15, PAGED #105, 106-07; Doc. #21-3. The Court calculates that Plaintiff would be due $15,172.50 in overtime compensation (289 hours at $52.50 per hour) and $280.00 in regular compensation (eight hours at $35.00 per hour), for a total of $15,452.50. However, Plaintiff claims that the amount of unpaid wages is $17,045.00. *Id.*, ¶ 15, PAGEID #106-07; Doc. #21-3. Without additional evidence, the Court cannot ascertain how Plaintiff arrived at that amount of claimed damages. Thus, the Court orders an evidentiary hearing on the issue of damages only, at a date and time to be set forth in a separate order.

As discussed above, employers that unlawfully withhold compensation are subject to double damages under the FLSA, 29 U.S.C. § 216(b), unless they can show that their violation of the law was in good faith. 29 U.S.C. § 260. Defendants have

10

made no such showing, and Plaintiff is thus entitled to double damages on all unpaid compensation.

Plaintiff argues that he is entitled to treble damages for all unpaid compensation, due to Defendants' violations of the OMFWSA.[3] Doc. #21, PAGEID #103 (citing Ohio Rev. Code § 4111.14(J); Ohio Const. art. II § 34a). However, the OMFWSA provision cited by Plaintiff allows for treble damages only if an employer has violated Article II, Section 34(a) of the Ohio Constitution, which pertains only to failure to pay minimum wage, Ohio Rev. Code § 4111.14(J), and Plaintiff has not cited any statute or caselaw that suggests that Ohio's treble damages law applies to failure to pay overtime. Thus, at the hearing, Plaintiff must make a showing as to why he is entitled to treble damages.

In addition to liquidated damages under the FLSA and OMFWSA, the Ohio Prompt Pay Act provides for liquidated damages in the amount of six percent of unpaid wages. Ohio Rev. Code § 4113.15(B). Thus, Plaintiff may recover six percent of the amount unpaid compensation he is able to prove at the hearing.

Finally, Plaintiff "seeks leave to file an application for [attorney] fees and costs within twenty-one days of the Court's entry" of judgment in favor of Plaintiff and against Defendants. Doc. #21, PAGEID #103. As costs and reasonable attorney fees are recoverable by a prevailing plaintiff under the FLSA, 29 U.S.C. § 216(d); Fed. R. Civ. P. 54(d)(1-2), the Court will entertain Plaintiff's application at the hearing.

---

[3] Plaintiff does not argue that he can recover both double damages under FLSA and treble damages under the OMFWSA.

11

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, Doc. #21, is SUSTAINED. Judgment shall ultimately enter in favor of Plaintiff and against Defendants. Lewaro, Moore and Parks shall be jointly and severally liable for unpaid compensation, liquidated and other damages, costs and attorney fees, in an amount to be determined at an evidentiary hearing, a time and date to be set forth in a separate entry.

Date: August 17, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE